J-S45015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICARDO LOPEZ, | |
| Appellant | No. 686 EDA 2019 |

Appeal from the PCRA Order Entered February 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0406881-1998
CP-51-CR-0413751-2002

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 07, 2019**

Appellant, Ricardo Lopez, appeals *pro se* from the post-conviction court's February 15, 2019 order dismissing, as untimely, his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

Briefly, on December 29, 2003, Appellant pled guilty to second-degree murder, robbery, and related offenses in a case docketed at CP-51-CR-0413571-2002 (hereinafter "3571-2002"). That same day, he was sentenced to an aggregate term of life imprisonment, without the possibility of parole.

_____

* Retired Senior Judge assigned to the Superior Court.

According to the PCRA court, that term of incarceration was imposed to run concurrently to a life sentence that Appellant was serving in an unrelated case docketed at number CP-51-CR-0406881-1998 (hereinafter "6881-1998").[1]

Appellant did not file a direct appeal. However, he filed a timely, *pro se* PCRA petition on April 12, 2004, seeking the reinstatement of his direct appeal rights. The PCRA court granted that request, and Appellant filed a *nunc pro tunc* direct appeal. We affirmed his judgment of sentence on July 20, 2006. **Commonwealth v. Lopez**, 907 A.2d 1135 (Pa. Super. 2006) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 23, 2012, Appellant filed the *pro se* PCRA petition underlying the present appeal. Therein, he claimed he was serving an illegal sentence under **Miller v. Alabama**, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). Counsel was appointed, but for some reason, no action was taken on Appellant's petition. Years later, a different attorney entered his appearance on Appellant's behalf, and on January 14, 2019, that attorney filed a petition to withdraw and 'no-merit' letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

[1] In case 6881-1998, Appellant pled guilty on June 21, 1999, to murder, robbery, and related offenses for crimes he committed on February 13, 1998, just six days before he committed the murder in the present case.

Counsel concluded that Appellant's **_Miller_** claim was frivolous, as he admitted in his petition that he was 18 years old at the time of his underlying crimes.

On January 18, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, but Appellant did not respond. On February 15, 2019, the court issued an order dismissing his petition and granting counsel's petition to withdraw.

Appellant filed a timely, _pro se_ notice of appeal on March 1, 2019, listing both the docket number for the present case, 3571-2002, as well as the docket number in his other, unrelated case at number 6881-1998.[2] On April 29, 2019, the court filed a Rule 1925(a) opinion.

Herein, Appellant states one issue for our review, which we reproduce verbatim:

> 1. Whether failure for the court to under take in the ruling to address that Miller applies to him, as Miller drew a line at 18 year old violated his rights under the Fourteenth Amendment to the U.S. Constitution and Art. 1 sec.13 of the Pennsylvania Constitution pursuant to <u>Miller v. Alabama</u> 567 U.S. 460 (2012) and <u>Montgomery v. Louisiana</u> 136 S.Ct. 718 (20160.

Appellant's Brief at 2.

---

[2] Appellant had also filed, on August 23, 2012, a PCRA petition in case 6881-1998. The court ultimately entered an order dismissing the petition filed in that case on August 13, 2018. Appellant filed a notice of appeal listing both docket numbers 6881-1998 and 3571-2002. That appeal was docketed at 688 EDA 2019, but it was ultimately dismissed based on Appellant's failure to file a brief. We note that the electronically-filed certified record for the case before us now, 3571-2002, was erroneously uploaded at docket number 688 EDA 2019 and is not contained in the electronic file for the present appeal at 686 EDA 2019.

Before we may address the merits of Appellant's issue, we must consider the impact of his filing a single notice of appeal listing two docket numbers. In ***Commonwealth v. Williams***, 206 A.3d 573 (Pa. Super. 2019), we explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
> > Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "***in future cases*** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

- 4 -

***Id.*** at 575-76.

The ***Walker*** opinion was filed on June 1, 2018. Appellant's notice of appeal listing two docket numbers was filed on March 1, 2019. Nevertheless, we conclude that ***Walker*** and Rule 341 do not apply in this case, as the PCRA court handled Appellant's PCRA petitions filed in cases 6881-1998 and 3571-2002 separately. Notably, the court issued orders dismissing those petitions on different dates, and each order listed only one docket number. Therefore, Appellant's present appeal does not stem from "an order that resolves issues arising on more than one docket." ***Walker***, 185 A.3d at 977. Instead, it arises from a single order resolving issues ***at only one docket number***, case 3571-2002. Accordingly, the bright-line mandate of Rule 341 and ***Walker*** is not applicable, and we will disregard Appellant's error in adding the docket number for case 6881-1998 to his *pro se* notice of appeal.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one,

must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's PCRA claim arose, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

---

[3] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final in 2006 and, thus, his present petition, filed in 2012, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden. He contends that his mandatory sentence of life incarceration without the possibility of parole is illegal under **Miller**. Although Appellant concedes he was 18 at the time of his crimes, he essentially avers that **Miller's** holding was not "a bright line" rule that only applies to individuals under 18 years of age. **See** Appellant's Brief at 6. While Appellant does not specify which exception he is attempting to prove with this claim, we presume he seeks to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii).

As stated *supra*, **Miller** held that a mandatory sentence of life incarceration, without the possibility of parole, violates the Eighth Amendment when imposed upon a juvenile offender. **Miller**, 567 U.S. at 479. In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the Supreme Court held that **Miller's** holding constitutes a new "substantive rule that is retroactive in cases on collateral review." **Id.** at 732. Accordingly, **Miller** created a new constitutional right that has been held to apply retroactively.

However, in **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*), this Court found "it untenable to extend **Miller** to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-

recognized constitutional right exception in section 9545(b)(1)(iii)." ***Id.*** at 10. We stressed "that age is the **sole factor** in determining whether ***Miller*** applies to overcome the PCRA time-bar and we decline[d] to extend its categorical holding." ***Id.*** at 11 (emphasis added).

Presently, Appellant admits that he was over the age of 18 at the time of his crimes. ***See*** Appellant's Brief at 6. Therefore, based on ***Lee***, we conclude that Appellant cannot rely on ***Miller*** to meet the timeliness exception of section 9545(b)(1)(iii).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/19